# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Jesse B. Bennett,

       Petitioner,                                  Case No. 16-cv-3054 (WMW/SER)

v.

Blue Earth County District Court,           **REPORT AND RECOMMENDATION**

       Respondent.

STEVEN E. RAU, United States Magistrate Judge

The above-captioned case comes before the undersigned on Petitioner Jesse B. Bennett's ("Bennett") Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Habeas Petition") [Doc. No. 1] and Motion to Compel Discovery [Doc. No. 15]. This matter has been referred for the resolution of pretrial matters pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons stated below, the Court recommends denying the Habeas Petition, denying the Motion to Compel Discovery, and dismissing the case.

## I. BACKGROUND

### A. Background in State Court

Bennett was convicted of both third- and fourth-degree controlled-substance crimes. *State v. Bennett*, No. A15-0414, 2016 WL 952492, at *1 (Minn. Ct. App. Mar. 14, 2016). In his direct appeal, he argued that he was "entitled to a new trial because the district court erroneously: (1) allowed a police officer to testify at trial about [Bennett's] prior incarceration; (2) instructed the jury on [Bennett's] right to testify without obtaining his consent; and (3) convicted him of a lesser-included offense." *Id.* The Minnesota Court of Appeals affirmed in part, reversed in part, and remanded. *Id.*

In particular, the court of appeals found that it was plain error for the district court to permit a police officer to refer to Bennett's incarceration during the officer's testimony. *Id.* Because the court determined that this error did not affect Bennett's substantial rights, however, "reversal of the jury's verdict [was] not warranted." *Id.* at *2. The court of appeals also found that it was plain error for the district court to give the jury an instruction regarding Bennett's right to not testify without Bennett's consent. *Id.* at *3. The court found that this error did not affect Bennett's substantial rights, and therefore did not require a new trial. *See id.*

The court of appeals found that the district court erred in entering convictions for both the third-degree and fourth-degree crimes because the fourth-degree crime was "a lesser-included offense of third-degree controlled-substance crime." *Id.* at *4. The court remanded the case "to the district court to vacate and adjudicate formally and impose sentence on one count only." *Id.* (internal quotation marks omitted).

Bennett also raised several issues in his pro se supplemental brief to the court of appeals, including: "violation of his Fourth Amendment rights; entrapment; prosecutorial misconduct; cumulative errors; insufficient evidence; and ineffective assistance of counsel." *Id.* The court concluded these claims lacked merit because they were not supported "with facts or the appropriate legal authority." *Id.*

Through counsel, Bennett petitioned the Minnesota Supreme Court to review the decision of the court of appeals.[1] *See* (Pet. for Review of Decision of Ct. of Appeals, "Pet. for Review," Ex. 2, Attached to Habeas Pet.) [Doc. No. 1-2]. Bennett's Petition for Review identified two legal issues: (1) whether the cumulative effect of the two plain errors the court of appeals

---

[1]   Bennett did not file a pro se petition for review. *See* Case Management System, Minn. Appellate Cts., http://macsnc.courts.state.mn.us/ctrack/publicLogin.jsp (click "Accept" and search for case number A15-0414) (last visited Feb. 1, 2017).

identified deprived Bennett of a fair trial; and (2) asking the Minnesota Supreme Court to consider the arguments Bennett raised in his pro se supplemental brief before the court of appeals. (Pet. for Review at 1–2). The Minnesota Supreme Court denied review. (Order Dated May 31, 2016, No. A15-0414, Minn. Supreme Ct., Ex. 5, Attached to Habeas Pet.) [Doc. No. 1-5].

### B. Background in Federal Court

Bennett filed his Habeas Petition on September 13, 2016, raising four grounds for relief: (1) he is entitled to a new trial because he was prejudiced by the police officer's trial testimony regarding his prior incarceration; (2) the district court erred when it instructed the jury regarding Bennett's right not to testify without his consent; (3) he cannot be convicted for both drug offenses because the fourth-degree controlled substance possession crime is a lesser-included offense of the third-degree controlled substance sale crime; and (4) ineffective assistance of trial counsel.[2] (Habeas Pet. at 6–11). Bennett later filed a Motion to Compel Discovery.

Respondent filed responses both to the Habeas Petition as well as to the Motion to Compel Discovery. (Resp't's Answer) [Doc. No. 17]; (Resp't's Resp. to Mot. to Compel Disc.) [Doc. No. 24]. Bennett filed replies in support of his Habeas Petition and the Motion to Compel Discovery. (Pet'r's Notice of Mot. & Mot. for to Reply to Resp't's Resp. to Pet'r's Habeas Corpus Pet. to Reverse or Vacate due to Double Jeopardy Amend. V) [Doc. No. 23]; (Pet'r's

---

[2] In his Habeas Petition, Bennett refers to "appellant attorney," but his claim, as described in his Habeas Petition, relates to his trial, not his direct appeal. *See* (Habeas Pet. at 11). Bennett refers to his appellate attorney in a memorandum filed with his Habeas Petition, but ineffective assistance of appellate counsel is not identified as an independent ground for relief in his Habeas Petition. *Compare* (Habeas Pet.) *with* (Mem. in Supp. of 2254 Mot. of Jesse B. Bennett, "Mem. in Supp. of Habeas Pet.") [Doc. No. 2 at 7] (stating that Bennett should be "granted a review for ineffective assistance of trial counsel and ineffective assistance [of] appellate counsel"). Therefore, the Court construes Ground Four as an ineffective assistance of trial counsel claim.

Resp. to Mot. to Compel & Request Evidentiary Hr'g to Decide This Matter Regarding Disc., "Reply in Supp. of Mot. to Compel Disc.") [Doc. No. 27].

The Court finds Bennett's claims are procedurally defaulted, and therefore recommends that the Habeas Petition be denied.[3] Consequently, the Court recommends that the Motion to Compel Discovery be denied.

## II. HABEAS PETITION

### A. Legal Standard

A federal district court may entertain a state prisoner's application for a writ of habeas corpus only when the petitioner has exhausted the state court remedies. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement has been summarized as follows:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. To provide the State with the necessary opportunity, the prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal citations and quotation marks omitted). Accordingly, to exhaust his state court remedies, a petitioner must fairly present his constitutional claims to the highest available state court before seeking relief in federal court. *O'Sullivan*, 526 U.S. at 845. Claims are considered fairly presented "if the state court rules on

---

[3] Respondent addressed the merits of the Habeas Petition and did not address exhaustion or procedural default. *See* (Resp't's Mem. in Opp'n to Habeas Pet.) [Doc. No. 18]. The Court may consider the merits of a petition even if the claims are unexhausted. 28 U.S.C. § 2254(b)(2). Nonetheless, to preserve the comity between state and federal courts, the Court addresses exhaustion and procedural default here *sua sponte*. *See Davis v. Campbell*, 608 F.2d 317, 320 (8th Cir. 1979) ("Even though the state has not argued non-exhaustion in the present case, we defer to the statutory requirement out of respect for state-federal comity, raising the issue of exhaustion Sua sponte.").

the merits of [the petitioner's] claims, or if [the petitioner] presents his claims in a manner that entitles him to a ruling on the merits." *Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999). Thus, a claim has not been fairly presented if a state appellate court expressly declines to address it on the merits because the petitioner violated state procedural rules. *Hall v. Delo*, 41 F.3d 1248, 1250 (8th Cir. 1994).

When a petition contains claims that have not been fairly presented, a court must determine whether state procedural rules would allow a hearing on the merits. *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997). Generally, "[w]hen a state court remedy is available for a state prisoner's unexhausted claim, the federal habeas court must defer action until the claim is exhausted, either by dismissing the federal petition without prejudice or by using the 'stay and abeyance' procedure described in *Rhines v. Weber*, [544 U.S. 269] . . . (2005)." *Armstrong v. Iowa*, 418 F.3d 924, 926 (8th Cir. 2005).

If, however, the state's procedural rules preclude a hearing on the merits, the petitioner has procedurally defaulted and federal habeas review of that claim is precluded. *McCall*, 114 F.3d at 757. Thus, when a petitioner has not exhausted the state court remedies for a claim and state procedural rules preclude any further attempts to satisfy the exhaustion requirement as to that claim, then the claim is not truly unexhausted; rather, the claim is procedurally defaulted. *See id*.

A federal court may not review a procedurally defaulted claim on its merits unless the petitioner can demonstrate cause and prejudice or that a miscarriage of justice will occur if the petition is not reviewed on its merits. *McCall*, 114 F.3d at 757. The fundamental miscarriage of justice exception that permits a federal court to review an otherwise procedurally defaulted claim is "explicitly tied . . . to the petitioner's innocence." *Schlup v. Delo*, 513 U.S. 298, 321 (1995).

5

The petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 327 (internal quotation marks omitted). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence." *Id.*

    B.    Analysis

        1.    **Exhaustion**

The claims in Bennett's Habeas Petition are unexhausted. In order to exhaust his state court remedies, Bennett must have fairly presented his constitutional claims to the highest available state court, including a state supreme court with powers of discretionary review, before seeking relief in federal court. *Baldwin*, 541 U.S. at 29. A federal claim is fairly presented to the state court if the petitioner "referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *McCall*, 114 F.3d at 757 (internal quotation marks omitted).

Bennett's Petition for Review does not refer to any federal constitutional right, federal constitutional provision, federal constitutional case, or a state case raising a pertinent federal constitutional issue. *See* (Pet. for Review). Bennett's pro se supplemental brief before the court of appeals attempts to raise arguments of a federal constitutional nature. *See generally* (Appellant's Pro Se Suppl. Br., Ex. C, Attached to App.) [Doc. No. 19-3]. Even if these claims were considered fairly presented to the Minnesota Court of Appeals, they were not fairly presented to the Minnesota Supreme Court. *See Bennett*, 2016 WL 952492, at *4 (finding Bennett's pro se arguments were waived because they were not supported with facts or law). Bennett asked the Minnesota Supreme Court to consider the arguments raised in his pro se

supplemental brief before the court of appeals, but the pro se brief was not included with the Petition for Review and the request to review those arguments was not supported by any legal or factual arguments, much less any indication that Bennett intended to raise federal constitutional claims. *See generally* (Pet. for Review). The mere reference to Bennett's pro se supplemental brief is insufficient for the claims contained within it to be considered fairly presented to the Minnesota Supreme Court. *See Baldwin*, 541 U.S. at 32 (stating that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so"); *White v. Dingle*, 267 F. App'x 489, 492 (8th Cir. 2008) (finding that petitioner's "non-specific and general reference to due process" did not fairly present his federal fair trial claim to the Minnesota Supreme Court because he did not argue the error violated the federal constitution and did not cite any relevant federal constitutional cases in support). Thus, despite Bennett's reference to his pro se supplemental brief in his Petition for Review, the Court concludes that the claims in his Habeas Petition are unexhausted.

    2.    **Procedural Default**

The Court must next consider whether state procedural rules permit a hearing on the merits of Bennett's claims. *See McCall*, 114 F.3d at 757. Minnesota law provides that all matters raised in a petitioner's direct appeal and all claims known but not raised are barred from consideration in a subsequent post-conviction petition. *Id.* (citing *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976)).[4]

---

[4]     *Knaffla* prevents a Minnesota court from providing collateral review when either an issue has been litigated on direct appeal, or an issue was not litigated on direct appeal, but it should have been. *Knaffla*, 243 N.W.2d at 741.

Minnesota law prevents further review of Bennett's claims. Those claims are procedurally defaulted because Bennett knew of the claims but failed to identify the constitutional nature of his claims before either the Minnesota Court of Appeals or the Minnesota Supreme Court. *See id.* at 757–58. Under *Knaffla*, Bennett is prevented from seeking post-conviction relief on these grounds. *See* 243 N.W.2d at 741.

Bennett can only overcome his procedural default by showing that he had either cause for the default and suffered actual prejudice, or by showing that "a miscarriage of justice will occur if [the court does] not review the merits of the petition." *McCall*, 114 F.3d at 757. Bennett does not make either argument directly.

To the extent Bennett asserts ineffective assistance of counsel, his failure to raise this claim before the state courts prevent him from relying on this argument. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("'[A] claim of ineffective assistance' . . . must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" (alteration in original) (quoting *Murray v. Carrier*, 477 U.S. 478, 489 (1986))); *see also Bailey v. Mapes*, 358 F.3d 1002, 1004 (8th Cir. 2004) (stating that "[a]lthough constitutionally ineffective assistance can serve as a 'cause' excusing a procedural default, the ineffective assistance claim must be raised in the state postconviction proceedings before it can be relied upon in a federal habeas proceeding"). As stated above, Bennett failed to raise any constitutional argument, including ineffective assistance of trial counsel, before the Minnesota Supreme Court. *See* (Pet. for Review). Further, to the extent Bennett purports to have an ineffective assistance of appellate counsel claim, the record does not reflect that Bennett presented that claim to any state court. *See* (Mem. in Supp. of Habeas Pet. at 7) (stating that Bennett should be "granted a review for ineffective assistance of trial counsel and ineffective assistance [of] appellate counsel"). Because Bennett cannot establish cause, the Court need not consider whether Bennett demonstrates prejudice. *McCall*, 114 F.3d at 758.

Further, Bennett makes no argument that he is actually innocent that is supported by new evidence. *See Schlup*, 513 U.S. at 327.

Because a review of the record does not support either exception to exhaustion, Bennett's claims are procedurally defaulted and this Court cannot consider them for the purposes of federal habeas review. *See McCall*, 114 F.3d at 757. The Court therefore recommends that the Habeas Petition be denied and this case be dismissed with prejudice.

### III.  MOTION TO COMPEL DISCOVERY

In his Motion to Compel Discovery, Bennett seeks discovery of various items related to his trial. Under Rule 6(a) of the Rules Governing Section 2254 Cases, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure." Because Bennett has not shown that he is entitled to habeas relief, however, his Motion to Compel Discovery is denied. *Cf. Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997) (holding that where petitioner shows that he is likely entitled to habeas relief "if the facts are fully developed" through discovery, petitioner has shown "good cause" under Rule 6(a) to obtain discovery); *see also Carridine v. Richous*, No. 15-cv-4167 (JRT/FLN), 2016 WL 7480710, at *7 (D. Minn. July 6, 2016) (Noel, Mag. J.) ("Given that Carridine is not entitled to federal habeas relief, the Court concludes that his motion to compel discovery must be denied."), *adopted*, 2016 WL 7477758 (Dec. 29, 2016) (Tunheim, C.J.).

Bennett also seeks the appointment of counsel. (Mot. to Compel Disc. at 2). In § 2254 proceedings, "the court may appoint counsel for an applicant who is or becomes financially unable to afford counsel." 28 U.S.C. § 2254(h). The appointment of counsel is governed by 18 U.S.C. § 3006A, which provides for the appointment of counsel in habeas proceedings when "the interests of justice so require" for a person who is "financially eligible." 18 U.S.C.

§ 3006A(a)(2)(B). The appointment of counsel is within the discretion of the trial court. *McCall*, 114 F.3d at 756. The Court has considered the relevant factors, namely, "the factual and legal complexity of the case, and the petitioner's ability both to investigate and to articulate his claims without court appointed counsel." *See id.* The Court concludes that Bennett has demonstrated a threshold ability to articulate his claims and may represent himself in this matter. Therefore, the Motion to Compel Discovery is denied to the extent it seeks the appointment of counsel.

On reply, Bennett requests, for the first time, an evidentiary hearing. (Reply in Supp. of Mot. to Compel Disc. at 3). Raising a new issue for the first time on reply is prohibited by the Local Rules. *See* LR 7.1(c)(3)(B) ("A reply memorandum must not raise new grounds for relief or present matters that do not relate to the opposing party's response."). Further, there is no reason to hold an evidentiary hearing because Bennett's claims are procedurally defaulted. He cannot show, therefore, that he is entitled to an evidentiary hearing under § 2254(e)(2).[5]

---

5  This provision states:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
> (A)   the claim relies on—
>      (i)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>      (ii)  a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B)   the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

## IV. CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal a denial of his petition unless he is granted a Certificate of Appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court finds it unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Bennett's claims any differently than they have been decided here. Bennett has not identified (and the Court cannot independently discern) anything novel, noteworthy, or worrisome about this case that warrants appellate review. Therefore, the Court recommends that Bennett not be granted a COA in this matter.

## V. RECOMMENDATION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner Jesse B. Bennett's ("Bennett") Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [Doc. No. 1] be **DENIED**;

2. Bennett's Motion to Compel Discovery [Doc. No. 15] be **DENIED**;

3. This action be **DISMISSED with prejudice**; and

  4.    If this Report and Recommendation is adopted, a COA should not issue, and judgment should be entered accordingly.

Dated: February 2, 2017

                     *s/Steven E. Rau*
                     STEVEN E. RAU
                     United States Magistrate Judge

## Notice

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under D. Minn. LR 72.2(b)(1) "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after objections are filed; or (2) from the date a timely response is filed.